## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

------------------------------------------------------------------------------- )
KARRI STIER,                                  )

          Plaintiff,              )

                                    )   Case No.: 2:19-cv-11944-PDB-APP

v.                                  )   Honorable Judge Paul D. Borman

                                    )

                                    )   **JURY TRIAL DEMANDED**

HEALTHCARE REVENUE RECOVERY )
GROUP, LLC                           )

                                    )

          Defendant.           )

------------------------------------------------------------------------------- )

## ANSWER AND AFFIRMATIVE DEFENSES

     Healthcare Revenue Recovery Group, LLC ("HRRG" or "Defendant"), by and through its attorneys of Gordon & Rees, LLP, respectfully submits the following as its Answer and Affirmative Defenses to Plaintiff's Complaint:

## I.      INTRODUCTION

     1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA") and the Telephone Consumer Protection Act (hereafter the "TCPA"), 47 U.S.C. §§ 227, et seq. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

     **ANSWER: Defendant admits only that Plaintiff purports to bring an action for damages for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. Defendant denies any allegations of wrongdoing or liability under those statutes. The remaining allegations**

contained in paragraph 1 of the Complaint are legal conclusions to which no factual admission or denial is required. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint, and on that basis denies same.

## II.    PARTIES

2.    Plaintiff Karri Stier is an adult individual residing in the State of Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and on that basis denies same.**

3.    Defendant Healthcare Revenue Recovery Group, LLC ("HRRG") is a business entity that regularly conducts business in the Eastern District of Michigan and which has a principal place of business located at 1643 North Harrison Parkway, Building H, Suite 100, Sunrise, FL 33323. The principal purpose of Defendant is the collection of debts already in default using mail and telephone, and Defendant regularly attempts to collect said debts.

**ANSWER: Defendant admits that Healthcare Revenue Recovery Group, LLC is a business entity that has a principal place of business located at 1643 North Harrison Parkway, Building H, Suite 100, Sunrise, FL 33323. Defendant further admits that it sometimes collects debts already in default by using the mail and/or telephone. Defendant denies the remaining allegations contained in paragraph 3 of the Complaint.**

## III.    JURISDICTION AND VENUE

4.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER: Defendant does not contest that this Court has jurisdiction over this action.**

5.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER: Defendant does not contest that venue is proper in this district.**

## IV.     FACTUAL ALLEGATIONS

6.     At all pertinent times hereto, Defendant was hired to collect a debt owed to Beaumont Health and attempted to collect said debt from Plaintiff (hereafter the "debt").

**ANSWER: Defendant denies the allegations contained in paragraph 6 of the Complaint.**

7.     The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and on that basis denies same.**

8.     At all times pertinent, Plaintiff disputes the debt.

**ANSWER: Defendant denies the allegations contained in paragraph 8 of the Complaint.**

9.     At all times pertinent hereto, Defendant made use of an automatic telephone dialing system to contact Plaintiff on her cellular telephone on multiple occasions.

**ANSWER: Defendant denies the allegations contained in paragraph 9 of the Complaint.**

10.     From November 2018 through the present, Defendant's representatives placed repeated harassing debt collection calls to Plaintiff's cellular telephone, from numbers including, but not limited to (734) 201-0512 and (734) 325-1562.

**ANSWER: Defendant denies the allegations contained in paragraph 10 of the Complaint.**

11.     On or about November 2018, Plaintiff requested that Defendant cease and desist from calling her and revoked Defendant's permission to call her on her cell phone.

**ANSWER: Defendant denies the allegations contained in paragraph 11 of the Complaint.**

12.     Notwithstanding the above, from November 2018 through the present, Defendant has been repeatedly contacting Plaintiff by placing telephone calls to her cellular telephone on at least 50 occasions in an attempt to collect the debt with the intent to annoy, abuse and harass Plaintiff.

**ANSWER: Defendant denies the allegations contained in paragraph 12 of the Complaint.**

13.     Defendant acted in a false, deceptive, misleading and unfair manner by misrepresenting the amount, character or legal status of a debt.

**ANSWER: Defendant denies the allegations contained in paragraph 13 of the Complaint.**

14.     Defendant acted in a false, deceptive, misleading and unfair manner by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

**ANSWER: Defendant denies the allegations contained in paragraph 14 of the Complaint.**

15.     Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect a debt.

**ANSWER: Defendant denies the allegations contained in paragraph 15 of the Complaint.**

16.     Defendant knew or should have known that their actions violated the FDCPA and TCPA. Additionally, Defendant could have taken the steps necessary to bring its agent's actions within compliance of these statutes but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

**ANSWER: Defendant denies the allegations contained in paragraph 16 of the Complaint.**

17.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

**ANSWER: Defendant denies the actions described herein, and therefore denies the allegations contained in paragraph 17 of the Complaint.**

18.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

**ANSWER: Defendant denies the allegations contained in paragraph 18 of the Complaint.**

19.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

**ANSWER: Defendant denies the allegations contained in paragraph 19 of the Complaint.**

## V. CLAIMS

### COUNT I - FDCPA

20.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER: Defendant incorporates its answers and responses to the foregoing paragraphs as through fully set forth at length herein.**

21.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

**ANSWER: Paragraph 21 of the Complaint sets forth a legal conclusion to which no factual admission or denial is required. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and on that basis denies same.**

22.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER: Paragraph 22 of the Complaint sets forth a legal conclusion to which no factual admission or denial is required. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the**

allegations contained in paragraph 22 of the Complaint, and on that basis denies same.

23.     The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

**ANSWER: Paragraph 23 of the Complaint sets forth a legal conclusion to which no factual admission or denial is required. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and on that basis denies same.**

24.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(c), 1692d, 1692e(2)(A), 1692e(10), and 1692f, as evidenced by the following conduct:

(a)     Communicating with Plaintiff after Plaintiff had notified Defendant to cease contacting Plaintiff;

(b)     Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(c)     The false representation of the amount, character or legal status of a debt;

(d)     Using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(e)     Using unfair or unconscionable means to collect or attempt to collect any debt.

**ANSWER: Defendant denies the allegations contained in paragraph 24 of the Complaint, subparagraph (a) through (e), inclusive.**

25.     Defendant's acts as described above were done with malicious, intentional, willful,

reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

**ANSWER: Defendant denies the allegations contained in paragraph 25 of the Complaint.**

26.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

**ANSWER: Defendant denies the allegations contained in paragraph 26 of the Complaint.**

## COUNT II - TCPA

27.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER: Defendant incorporates its answers and responses to the foregoing paragraphs as through fully set forth at length herein.**

28.     Defendant initiated numerous telephone calls using an automatic telephone dialing system and/or an artificial or prerecorded voice to Plaintiffs cellular telephone.

**ANSWER: Defendant denies the allegations contained in paragraph 28 of the Complaint.**

29.     Defendant initiated these automated calls to Plaintiff's cellular telephone using an automated telephone dialing system, which had the capacity to store or produce telephone numbers using random or sequential number generator as defined by § 227(a)(1) of the TCPA.

**ANSWER: Paragraph 29 of the Complaint sets forth a legal conclusion to which no factual admission or denial is required. To the extent a response is deemed necessary,**

8

Defendant denies the allegations contained in paragraph 29 of the Complaint.

30.     Defendant used a prerecorded or artificial voice in the calls to Plaintiff's cellular telephone.

**ANSWER: Defendant denies the allegations contained in paragraph 30 of the Complaint.**

31.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), as evidenced by the following conduct:

(a)     initiating telephone calls to Plaintiffs cellular telephone using artificial or prerecorded voices to deliver messages without Plaintiffs express consent; and

(b)     initiating telephone calls to Plaintiff using an automated telephone dialing system that was not in compliance with the technical and procedural standards prescribed by the TCPA.

**ANSWER: Defendant denies the allegations contained in paragraph 31 of the Complaint, subparagraph (a) through (b), inclusive.**

32.     Defendant initiated multiple calls to Plaintiffs cellular telephone using an automatic telephone dialing system to make the calls without the express consent of Plaintiff in violation of 47 U.S.C. §§ 227(b)(1)(A)(iii) of the TCPA.

**ANSWER: Paragraph 32 of the Complaint sets forth a legal conclusion to which no factual admission or denial is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 32 of the Complaint.**

33.     As a result of the above violations of the TCPA, Defendant is liable to Plaintiff in

the sum of Plaintiffs statutory, actual, and treble damages.

**ANSWER: Defendant denies the allegations contained in paragraph 33 of the Complaint.**

## VI.    JURY TRIAL DEMAND

34.    Plaintiff demands trial by jury on all issues so triable.

**ANSWER: Defendant admits that Plaintiff has demanded a trial by jury on all issues so triable, and Defendant also demands a trial by jury.**

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Treble damages;

(d)    Costs and reasonable attorney's fees; and

(e)    Such other and further relief as may be just and proper.

**WHEREFORE, Defendant denies that Plaintiff is entitled to any relief, including the relief requested in the prayer for relief, subparagraphs (a) through (e), inclusive.**

## AFFIRMATIVE DEFENSES

Healthcare Revenue Recovery Group, LLC, pleading in the alternative and without prejudice to the general denials in its Answer to Plaintiff's Complaint, for its Affirmative Defenses hereby states as follows:

## FIRST AFFIRMATIVE DEFENSE

Defendant substantially complied in good faith with all applicable provisions of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and is entitled to each and every defense afforded to it by the FDCPA. Specifically, if Defendant committed any violation of the Fair Debt Collection Practices Act, which is expressly denied, it was the result of a *bona fide* error under 15 U.S.C. § 1692k(c), notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## SECOND AFFIRMATIVE DEFENSE

Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA. 47 U.S.C. § 227(C)(5). Defendant has internal practices and procedures to ensure that it is in compliance with applicable law, including the TCPA.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, by the TCPA's "safe harbor provision," as provided for by 47 C.F.R. § 64.1200(c)(2). Defendant has internal practices and procedures to ensure that Defendant is in compliance with applicable law, including the TCPA.

## FOURTH AFFIRMATIVE DEFENSE

Where, as here, the parties had an "established business relationship," Defendant's action cannot, as a matter of law, violate the TCPA.  47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c)(2), (f)(14)(ii).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because at all times Plaintiff expressly consented to Defendant's conduct as described in Plaintiff's Complaint including, but not limited to, by providing her telephone number and agreeing to receive telephone calls from Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff has not incurred an injury in fact, and Plaintiff therefore does not have standing under Article III of the United States Constitution to bring the instant claims.

## SEVENTH AFFIRMATIVE DEFENSE

Any recovery to Plaintiff, which Defendant denies is appropriate, should be set-off by the amount that the Plaintiff owes on the underlying account.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint and each purported cause of action alleged therein against Defendant are barred by Plaintiff's own conduct, actions, omissions, and inaction which amount to and constitute a waiver or consent of such claims and any relief sought thereby.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she failed to mitigate her damages. *See, e.g. Thomas v. Exxon Mobil Corp.*, No. 07-C-7131, 2009 U.S. Dist. LEXIS 11109, *11 (N.D. Ill. February 11, 2009) ("[W]here discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts.").

WHEREFORE, having answered Plaintiff's Complaint, Defendant respectfully requests that all claims be dismissed and that judgment be entered in its favor for costs, expert witness fees, attorneys' fees, and such other relief as this Court deems appropriate.

***JURY DEMAND***

Healthcare Revenue Recovery Group, LLC demands trial by a jury on all issues triable by a jury.

Dated:  September 5, 2019                    Respectfully submitted,

                                             By:   /s/ Ashley Eckerly
                                                   GORDON & REES LLP
                                                   Ashley Eckerly P80443
                                                   400 Renaissance Center, Suite 2600
                                                   Detroit, MI 48243
                                                   Phone: (312) 980-6775
                                                   Fax: (312) 565-6511
                                                   aeckerly@grsm.com
                                                   *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 5, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Geoffrey H. Baskerville, Esq.
Francis & Mailman PC
1600 Market St., 25th Floor
Philadelphia, PA 19103
215.735.8600
gbaskerville@consumerlawfirm.com
*Counsel for Plaintiffs*

Dated:  September 5, 2019                       Respectfully submitted,

                                        By:   /s/ Ashley Eckerly
                                              GORDON & REES LLP
                                              Ashley Eckerly P80443
                                              400 Renaissance Center, Suite 2600
                                              Detroit, MI 48243
                                              Phone: (312) 980-6775
                                              Fax: (312) 565-6511
                                              aeckerly@grsm.com
                                              *Attorneys for Defendant*

1192194/47165491v.1

14